UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY D. CURRINGTON,

    Petitioner,

v.

RANDEE REWERTS,

    Respondent.

Case No. 2:18-CV-12516
HON. GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Larry D. Currington, ("petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for five counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(e); two counts of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(e); two counts of unlawfully driving away an automobile, MICH. COMP. LAWS § 750.413; two counts of kidnapping, MICH. COMP. LAWS § 750.349; two counts of extortion, MICH. COMP. LAWS § 750.213; one count of armed robbery, MICH. COMP. LAWS § 750.529; one count of assault with intent to do great bodily harm less than murder , MICH. COMP. LAWS §

1

750.84; one count of felonious assault, Mich. Comp. Laws § 750.82; and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. For the reasons stated below, the application for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

## I. FACTUAL BACKGROUND

Petitioner was convicted in the Saginaw County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Currington*, No. 331954, 2017 WL 3218352 (Mich. Ct. App. July 27, 2017), *lv. Den.* 501 Mich. 1037, 909 N.W.2d 247 (2018).

On August 8, 2018, petitioner filed a petition for writ of habeas corpus with this Court.[1] Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Petitioner was denied his Sixth Amendment right to a fair trial and Fourteenth Amendment rights to due process of law pursuant to the United States Constitution when the government engaged in bad faith misconduct by tampering with evidence material to defendant's innocence.
>
> II. The trial court erroneously denied petitioner's motion to represent himself at trial in violation of the Sixth Amendment to the United States Constitution.
>
> III. The trial court reversibly erred in admitting hearsay testimony over the defense objections in violation of petitioner's right to due

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on August 8, 2018, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

process of law secured by the United States Constitution's Fourteenth Amendment.

## II. DISCUSSION

The instant petition is subject to dismissal because petitioner's first claim, by petitioner's own admission, has yet to be exhausted with the state courts.

A state prisoner who seeks federal habeas relief is first required to exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which include both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). A federal district court may *sua sponte* raise a habeas petitioner's failure to exhaust his or her claims. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner admits on the face of his petition that his first claim is unexhausted.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir.

3

2003). Petitioner has an available state court remedy with which to exhaust his claim. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 *et. seq. See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Petitioner could exhaust his claims by filing a post-conviction motion for relief from judgment with the Saginaw County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his or her unexhausted claims to the state court in the first instance, *Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because there are no exceptional or unusual circumstances present that justify holding the instant petition for writ of

habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claim, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on April 3, 2018. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his or her conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) starts running not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period to seek certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner did not seek a writ of certiorari with the United States Supreme Court, thus, his judgment became final, for the purpose of commencing the running of the one year limitations period, on July 2, 2018. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on August 8, 2018, after only one month elapsed on the one year statute of limitations. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust his claim. Title 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state

post-conviction motion filed by petitioner. Because petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner will not be prejudiced if his habeas petition is dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the Court will summarily dismiss the instant petition without prejudice.

### III. Conclusion

The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner

6

shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust his first claim. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

7

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

Dated: August 27, 2018

/s/ Gershwin A. Drain
HON. GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 27, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk